ROBERT S. BENSON v. WALTER F. SAWYER.

(Filed 10 October 1962.)

**Automobiles § 41k—**

Evidence tending to show that plaintiff had opened the door to a parked vehicle to speak to his estranged wife's sister, who was sitting on the front seat as a passenger, that defendant got into the driver's seat, backed the car suddenly and rapidly so that plaintiff did not have time to step aside, and was struck by the open door and drug to his injury, and that defendant then drove forward and left the scene, *is held* sufficient to be submitted to the jury on the issue of negligence and not to show contributory negligence as a matter of law, there being no evidence of any menace by plaintiff by word or demeanor.

APPEAL by plaintiff from *Cowper, J.,* March 1962 Civil Term of NEW HANOVER.

Action to recover for personal injuries suffered by plaintiff by reason of the alleged negligence of defendant.

From judgment of involuntary nonsuit, plaintiff appeals.

*Solomon B. Sternberger and Addison Hewlitt, Jr., for plaintiff.*
*Poisson, Marshall, Barnhill & Williams for defendant.*

PER CURIAM. The case was nonsuited at the close of plaintiff's evidence. His evidence, considered in the light most favorable to him, tends to show:

Shortly after midnight on 17 October 1960 plaintiff parked his truck in the parking area in front of the Oleander Fruit stand in a suburban district of New Hanover County. Plaintiff entered the Fruit Stand, which was open for business, and remained there about 30 minutes. When he came out he saw his wife's sister-in-law, Mary Fender, sitting in a Cadillac automobile parked near his truck. She was sitting in the right front seat of the Cadillac. About this time defendant got in the Cadillac on the driver's side. Plaintiff called Mary's name loudly, and opened the right front door of the Cadillac to speak to her. She and her husband were estranged. Plaintiff's manner was not menacing, and he was not cursing. Defendant started the motor. Plaintiff was standing behind the open door. Defendant began backing the Cadillac "real fast." Plaintiff didn't have time to step aside, and was knocked down and was dragged about 30 feet to the edge of the highway. Defendant drove forward and left the scene. Plaintiff was injured.

The complaint narrates the occurrence in substantial accord with the foregoing summary of the evidence, and alleges that plaintiff's injury was proximately caused by defendant's negligence consisting *inter alia* of reckless driving in violation of G.S. 20-140, excessive speed in violation of G.S. 20-141(a), failure to keep a reasonable lookout, and failure to keep the automobile under proper control.

Defendant denies that he was negligent, and pleads contributory negligence.

Plaintiff's evidence makes out a *prima facie* case of actionable negligence. *Adams v. Service Co.,* 237 N.C. 136, 74 S.E. 2d 332. Contributory negligence does not appear as a matter of law from plaintiff's evidence.

The judgment below is
Reversed.